P. B. VANN ET AL. V. BOWIE SEWERAGE COMPANY, INCORPORATED.

No. 6512.   Decided February 12, 1936.
Rehearing overruled March 11 and 25, 1936.
(90 S. W., 2d Series, 561.)

*Donald & Donald,* of Bowie, for plaintiffs in error.

It was error for the Court of Civil Appeals to hold that one purchasing property adjacent to the premises on which sewerage company maintained its septic tank had no cause of action because the cause of action arose at the time the tank was constructed and purchaser, although no nuisance existed at time of his purchase, could not later maintain his action. City of Corsicana v. King, 3 S. W. (2d) 857; Town of Jacksonville v. McCracken, 232 S. W., 294; Harrisonville v. W. S. Dickey Cly. Mfg. Co., 289 U. S., 334, 53 Sup. Ct. Rep., 602, 77 L. Ed., 1208; City of Athens v. Evans, 60 S. W. (2d) 379.

*J. W. Chancelor*, of Bowie, for defendant in error.

A purchaser of real property cannot recover damages for injuries to the land resulting from the creation of a nuisance prior to his purchase thereof, as the right of action is personal to the owner of the land and cannot be assigned by a conveyance of the property. Wichita County Water Imp. Dist. v. Pearce, 59 S. W. (2d) 183; Matthews v. City of Fort Worth, 84 S. W. (2d) 803; 46 C. J., 737.

MR. PRESIDING JUDGE HARVEY delivered the opinion of the Commission of Appeals, Section A.

This is an action brought by P. B. Vann and wife against the Bowie Sewerage Company for damages alleged to have resulted from a permanent nuisance maintained by the company. The damages claimed are for injury to land belonging to the Vanns, and for personal injuries suffered by each of them, in the way of impairment of health and bodily discomfort. The case was tried before a jury on special issues, resulting in a judgment in favor of the Vanns for the sum of $4000.00 for the depreciation of the market value of their land, and for the sum of $2250.00 for personal injuries suffered by Vann, and for the sum of $1750.00 for personal injuries suffered by Mrs. Vann. The sewerage company appealed and the Court of Civil Appeals reversed said judgment and rendered judgment for the sewerage company. 59 S. W. (2d) 180. The Vanns have been granted the writ of error.

The material facts are substantially as follows:

On January 25, 1925, Vann bought a tract of 100 acres of land near the town of Bowie. He and his wife immediately moved on the place and made same their home. A creek crosses the tract of land. Just above this tract, and separated therefrom by a lane, is a tract of land belonging to the sewerage company. This tract of the company borders on the creek, and the company maintains and operates on the bank of the creek

a large septic tank for the disposal of sewage flowing down the sewer from the town of Bowie. The septic tank was constructed and put in operation by the company in the year 1916, and has been in operation ever since. The sewage from the town flows into the septic tank, and after going through some sort of settling process there, the water is discharged into the creek. This water is polluted when discharged, and same causes the polluted and highly offensive condition of the creek across the Vann land of which the Vanns complain. The creek is not a running stream, but is merely a large gully or drainway into which surface waters from adjacent territory drains, and, except for a short period following each recurring rainfall, consists of a series of stagnant pools along its bed. When Vann bought the land in question, he inspected the creek across it and discovered no noxious substances or other evidences of pollution there, and the creek emitted no offensive odors. About six months later, he discovered noxious substances in the creek on his land, and offensive odors rose from the creek. This condition resulted from the polluted water that was being discharged from the company's septic tank into the creek above Vann's land. Vann complained to the company and the company attempted to remedy the situation by digging on its premises a number of pits to catch and withhold from the creek the polluted water discharged from the septic tank. Some time later, when these pits filled and began to overflow, the polluted water ran into the creek and this continually recurred up to the time this case was tried. When the polluted water began again to come down the creek upon Vann's land, Vann again made complaint to the company, and the company's president told him that the company was unable to do anything more to remedy the matter. Witnesses for the company testified to the effect that the condition of the sewer water discharged into the creek had always been the same ever since the septic tank was constructed and put in operation in 1916. The record contains no evidence controverting this testimony, unless same is controverted by the circumstances that at the time Vann bought his land, and for six months afterwards, the creek where it crosses the land contained no noxious substances and emitted no offensive odors. At the trial, the Vanns showed by the testimony of an expert, who was called to the witness stand by them, that the septic tank is of a type that is inherently inefficient to purify sewer water flowing into it, and to render same free of organic matter; and that the water discharged into the creek necessarily remains impregnated with

organic matter that putrifies when the water becomes stagnant. Another witness introduced by the Vanns testified that before Vann bought the land in question the creek across the land was being polluted by the polluted water that was being discharged from the septic tank into the creek.

■ Where injury to land results from a thing that the law regards as a permanent nuisance, the right of action for all the damages resulting from the injury accrues to the owner of the land at the time the thing that causes the injury commences to effect the land. In legal contemplation the injury to the land occurs at that time. City of Amarillo v. Ware, 120 Texas, 456, 40 S. W. (2d) 57; Rosenthal v. Taylor B. & H. Ry. Co., 79 Texas, 325, 15 S. W., 268; Grossman v. Houston O. L. & M. P. Ry. Co., 99 Texas, 641, 92 S. W., 836; Baugh v. Texas & N. O. Ry. Co., 80 Texas, 56, 15 S. W., 587; Parsons v. Uvalde Elec. Light Co., 106 Texas, 212, 163 S. W., 1, L. R. A., 1916E, 960; St. Louis S. W. Ry. Co. v. Clayton, 54 Texas Civ. App., 512, 118 S. W., 248; Jacksonville v. McCracken, 232 S. W., 294.

■ In the instant case, the thing that caused the injury to the land in question is the polluted condition of the water that is discharged from the septic tank. The state of facts shown in testimony shows conclusively that water in a polluted condition has been continually discharged from the septic tank ever since the tank was put in operation in 1916; and that said polluted water has, ever since then, found its way, from time to time after each recurring rainfall, down the creek upon the land now belonging to Vann. That this state of affairs did not exist as stated cannot, we think, be reasonably inferred from the circumstances that the creek where it crosses said land did not appear to be polluted, and emitted no offensive odors, at the time Vann bought the land and for six months afterwards. The septic tank, as proved by the Vanns themselves, is inherently incapable of cleansing the sewer water of all deleterious substances, and the water discharged therefrom into the creek is necessarily polluted. In the light of all other circumstances shown in testimony, this proof leaves no ground for a reasonable inference that the water that was being discharged from the septic tank into the creek before Van bought the land in question was unpolluted. The nuisance of which the Vanns complain had already injured said land when Vann bought it, and no right of action in respect to such injury accrued to him. The deed to the land, which he received from his vendor, did not effect a transfer of the vendor's claim for damages.

■ The claim of the Vanns for damages for personal injuries stands upon a different footing from a claim for damage for injury of land. For personal injuries, the law allows damages regardless of whether the nuisance that caused such injuries be of a permanent nature or not, and regardless of the ownership of the land involved or of injury to it. In such cases the right of action does not depend on injury to land, and the measure of damage is essentially different. Ft. Worth & R. G. Ry. Co. v. Glenn, 97 Texas, 586, 80 S. W., 992, 65 L. R. A., 818, 1 Ann. Cas. 270, 104 Am. St. Rep., 894; Lockett v. Ry. Co., 78 Tex., 211, 14 S. W., 564; Parsons v. Uvalde Elec. Light Co., supra; Daniel v. Fort Worth & R. G. Ry. Co., 96 Texas, 327, 72 S. W., 578. Neither does the mere fact that, in the present instance, the thing, which brought about the recurring harmful conditions in the creek on the land, was existing when the Vanns moved on the land impair their claim for damages resulting from personal injuries. In no event would an estoppel arise against them, as the company claims, unless they had knowledge of such fact when they acquired the land and moved on it. The company, in its pleadings, does not put in issue this last mentioned fact and, besides, no special issue respecting the knowledge of the Vanns as to preexisting conditions was submitted to the jury and none was requested by the company. We have examined all the assignments of error relating to this branch of the trial court's judgment, which were presented by the sewerage company in the Court of Civil Appeals, and no reversible error has been found.

In reference to the part of the trial court's judgment whereby a recovery of the sum of $4000.00 is awarded for injury to the land in question, the Court of Civil Appeals correctly reversed such part of the judgment and rendered judgment for the sewerage company, and in this respect the judgment of the Court of Civil Appeals is affirmed, but in all other respects it is reversed. The judgment of the trial court is reformed so as to eliminate a recovery of said sum of $4000.00, and as so reformed said judgment is affirmed.

Opinion adopted February 12, 1936.

Rehearing overruled March 11, and 25, 1936.