TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-97-00480-CV







Jim and Delores Day, Appellants



v.



Mary Tripp, Fred Jones, Lloyd Adams, David Ward and Catherine Ward, Appellees







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 167TH JUDICIAL DISTRICT


NO. 94-00122, HONORABLE SUZANNE COVINGTON, JUDGE PRESIDING







 Jim Day and Delores Day appeal from a judgment recovered against them by
appellees Mary Tripp, Fred Jones, Lloyd Adams, (1) David Ward, and Catherine Ward. We will
reverse the judgment in part, render judgment in the part reversed, and affirm the balance of the
judgment.


THE CONTROVERSY


 The Days have, since December 1993, owned and operated a rifle and pistol range
on seventeen acres adjacent to tracts of land owned by appellees and upon which they have built
homes. Contending that daily gunfire on the range shook the walls and windows of their homes,
that hundreds of bullets from the range entered their properties, and that they were otherwise
affected adversely by the Days' operation of the range, appellees sued the Days on various causes
of action discussed below. Following a jury trial, appellees recovered judgment on the verdict in
the following amounts and on the actions indicated:


Appellee Nuisance Trespass Invasion of Totals

 Privacy 


Fred Jones $ 25,000 $ 500 $ 500 $ 26,000

Lloyd Adams 30,000 -0- 1,000 31,000

Mary Tripp 10,000 -0- -0- 10,000

David and Catherine

   Ward 16,000 4,000 500 20,500

 


Totals $ 81,000 $ 4,500 $ 2,000 $ 87,500





The Days appeal on the issues discussed hereafter.


NUISANCE


 The appellees alleged and recovered judgment on their pleadings that the Days'
operation of the range amounted to a private nuisance. (2) On that cause of action, appellees were
entitled to recover damages, if proved, for either or both of two kinds of injury. The first is a
plaintiff's right to recover damages for any interference with the owner's use and enjoyment of
the property caused by the nuisance. In legal contemplation, this amounts to an injury to the
plaintiff's property. The attendant measure of damages is the depreciation, if any, in the market
value of the plaintiff's property caused by the nuisance. This is determined ordinarily by the
difference in market values immediately before and immediately after the injury occurred, if the
injury is permanent, considering any use that may be made of the land. Such an injury to the
plaintiff's use and enjoyment of the property is not itself a "personal injury." See Porras v.
Craig, 675 S.W.2d 503, 504 (Tex. 1984); Kraft v. Langford, 565 S.W.2d 223, 227 (Tex. 1978);
City of Abilene v. Downs, 367 S.W.2d 153, 160-61 (Tex. 1963); Vestal v. Gulf Oil Corp., 235
S.W.2d 440, 441-42 (Tex. 1951).

 In the same nuisance action, however, the plaintiff may also allege, prove, and
recover damages for a personal injury caused by the nuisance, such as discomfort, annoyance, and
injury to health. See, e.g., Vann v. Bowie Sewerage Co., 90 S.W.2d 561, 563 (Tex. 1936)
("impairment of health and bodily discomfort"); Daniel v. Fort Worth & Rio Grande Ry. Co., 72
S.W. 578, 579 (Tex. 1903) ("personally annoyed and discomforted"); Cain v. Rust Indus.
Cleaning Servs., 969 S.W.2d 464, 470 (Tex. App.--Texarkana 1998, pet. denied) ("annoyance
and discomfiture"); Lacy Feed Co. v. Parrish, 517 S.W.2d 845, 850 (Tex. Civ. App.--Waco
1974, writ ref'd n.r.e.) ("offensive, discomforting and annoying to persons of ordinary
sensibilities"). See generally Batemen, Annotation, Nuisance As Entitling Owner Occupant Of
Real Estate To Recover Damages For Personal Inconvenience, Discomfort, Annoyance, Anguish,
Or Sickness, Distinct From Or In Addition To, Damages for Depreciation In Value Of Property
Or Its Use, 25 A.L.R. 5th 568 (1994). The plaintiff may recover damages for discomfort and
annoyance even absent depreciation of the real property caused by the nuisance. See Vann, 90
S.W.2d at 563; Chandler v. City of Olney, 87 S.W.2d 250, 251 (Tex. 1935); Daniel, 72 S.W.2d
at 579. The measure of damages for discomfort and annoyance is the amount of money necessary
to provide the plaintiff reasonable and fair compensation for such personal injury. Daniel, 72
S.W.2d at 579.

 In their first issue on appeal, the Days contend the evidence is legally or factually
insufficient to support the nuisance damages found by the jury in answer to Jury Question Number
Two. The Days argue a theory that Jury Question Number Two submitted only the issue of
property damage, measurable by the difference in market values immediately before and after the
injury caused by the nuisance; and because the evidence is legally or factually insufficient to
establish such market values, the nuisance damages found in response to Jury Question Number
Two must be set aside. It appears to be undisputed that such market values are not shown in the
evidence. We disagree, however, with the Days' predicate that Jury Question Number Two
submitted only the issue of property damage.

 Jury Question Number Two may be understood only in light of Jury Question
Number One. The jury was asked and responded as follows regarding the two questions:


JURY QUESTION NO. 1



Do you find that the shooting range is a "nuisance?"


Answer: Yes or No. [The jury answered "yes."]


You are instructed that a "Nuisance" is a condition that substantially interferes with
the use and enjoyment of land by causing unreasonable discomfort or annoyance
to persons of ordinary sensibilities attempting to use and enjoy it.


* * *



JURY QUESTION NO. 2



What sum of money, if paid now in cash, . . . would fairly and reasonably
compensate the following for his or her losses, if any, resulting from the nuisance
from the date of December 17, 1993 to present:


 Fred Jones [$25,000]

 Lloyd Adams [$30,000]

 Mary Tripp [$10,000]

 David Ward and Catherine Ward [$16,000]


You are instructed that damage to the property of Plaintiffs includes reduction in
value as well as loss of the use and enjoyment of the property.



(Emphasis added.) On the face of the foregoing, it is obvious that appellees' allegations of
discomfort and annoyance--or personal injury--were incorporated in the definition of "nuisance"
given in Jury Question Number One, together with the allegation of interference with their use and
enjoyment of their property--or injury to property. And Jury Question Number Two, conditioned
on a "yes" answer to Jury Question Number One, asked the jury to determine the amount of
money necessary to fairly and reasonably compensate the appellees for both kinds of injury, if any,
caused by the nuisance. This is an accepted method for submitting to the jury both kinds of
injury--personal injury and injury to property. See Lacy Feed Co., 517 S.W.2d at 850-51; Meat
Producers, Inc. v. McFarland, 476 S.W.2d 406, 410-11 (Tex. Civ. App.--Dallas 1972, writ ref'd
n.r.e.).

 We should add that the trial court was obliged to submit to the jury the questions,
instructions, and definitions raised by the evidence. Tex. R. Civ. P. 278. Concerning damages,
the trial court was authorized to submit only those elements of damages for which evidence was
introduced. See 4 Texas Civil Practice § 22:33[b], at 241-42 (Diane M. Allen et al. eds., 1992
ed.). Thus, the Days' theory is inherently doubtful because it argues that the trial court in the
present case submitted a single element of damages for which no evidence was introduced
(property damage) while neglecting to submit the only element for which evidence was introduced
(personal-injury damages). In any event, the Days did not object to Jury Question Number Two
on the ground that it was not justified by the evidence.

 We therefore reject the Days' contention that the charge submitted to the jury only
the issue of property damages. The Days do not contend that the evidence supporting personal-injury damages is legally or factually insufficient; and, as pointed out above, these are recoverable
irrespective of any injury to property. Presumably then, the amounts found by the jury in Jury
Question Number Two are based on evidence of personal injury. The contrary is not shown.

 We hold accordingly and overrule the Days' first assignment of error.

TRESPASS


 The Days direct two assignments of error at the award of damages for trespass. (3) 
In the first, they complain there was no evidence to support the jury's affirmative answer to Jury
Question Number Three, which asked the jury whether Jim Day or Delores Day trespassed on the
property of Fred Jones and David and Catherine Ward. We need not discuss the point because
we will sustain the Days' second assignment of error concerning the award of damages for
trespass. Therein, they point out correctly that there is no evidence conforming to the measure
of damages that governed the issue.

 In Jury Question Number Four, the jury was asked and responded as follows:


JURY QUESTION NO. 4



What sum of money paid now in cash, do you find would fairly and reasonably
compensate the following for his/her losses, if any, resulting from Defendants'
trespass:


 Fred Jones [$500]

 Mary Tripp [- 0 -]

 David and Catherine Ward [$4,000]


You are instructed that:


the measure of damages is the difference in the market value of the
land before and after the trespass.



 In our discussion of appellees' cause of action for nuisance, we pointed out that it
is undisputed that the appellees' introduced no evidence tending to prove the market value of their
properties immediately before and immediately after any injury to property.

 The appellees point to evidence introduced by them which tended to prove the
differing market values of the property with and without the nuisance, the measure of damages for
temporary injury to property. See Sherman Gas & Elec. Co. v. Belden, 123 S.W.2d 119, 121
(Tex. 1909); Meat Producers, 476 S.W.2d at 413. We therefore do not understand the
applicability of these decisions. Appellees did not object to the instruction fixing the measure of
damages for trespass, given in Jury Question Number Four. This instruction fixed the measure
of damages as the difference in market value before and after the trespass. However erroneous
this may be in light of the evidence and pleadings, the jury was bound by the instruction. We are
required to judge the sufficiency of the evidence by that measure, and we find no evidence of such
values. See Tex. R. App. P. 33.1; 4 Texas Civil Practice § 22.22[b], at 275.

 We will therefore reverse the judgment insofar as it awards damages for trespass
and render judgment that the appellees take nothing by that cause of action.


INVASION OF PRIVACY


 In answer to Jury Question Number Five, the jury found that Jim Day or Delores
Day had "intruded upon the privacy of" Fred Jones, Lloyd Adams, and Catherine Ward. The
question was submitted with the following instruction:


It is an "Intrusion upon a person's privacy" if another person wrongfully intrudes
into the private activities of such person in a manner which would outrage or cause
mental suffering, shame, or humiliation to a person of ordinary sensibilities. 
Mental suffering is more than disappointment, anger, resentment, or
embarrassment, although it may include all of these elements. It includes a mental
sensation of pain resulting from such painful emotion as grief, severe
disappointment, indignation, wounded pride, shame, despair and/or public
humiliation.



Appellees did not object to the instruction.

 In Jury Question Number Six, the jury was asked and responded as follows:


What sum of money would fairly and reasonably compensate the following for the
damages suffered due to the intrusion of [sic] privacy? In answering this question
you shall take into account the following elements of damage and none other: (1)
mental suffering; and (2) physical pain.


Fred Jones [$500]

Lloyd Adams [$1,000]

Mary Tripp [ - 0 - ]

David Ward [ - 0 - ]

Catherine Ward [$500]



Appellees did not object to the form of submission of Jury Question Number Six.

 The Days contend the evidence is legally or factually insufficient to support the jury
findings in response to Jury Questions Number Five and Six. We will summarize the relevant
evidence.

 Fred Jones testified that the constant discharge of large-caliber rifles at the shooting
range interfered with his ability to carry on a conversation on his patio and with his ability to hear
his television set while inside his home. Lloyd Adams testified that the shooting began about eight
or ten o'clock in the morning and continued until nine o'clock at night, although he occasionally
heard shooting until midnight or after, and that the noise interfered with his sleeping. Catherine
Ward testified that the shooting occurred seven days a week and interfered with her ability to carry
on a conversation or hear the television set inside her home. All three concluded that the noise
invaded their privacy.

 We believe the foregoing evidence may not be considered in judging the sufficiency
of the evidence with regard to the appellees' action for invasion of privacy. Any injuries implicit
in such evidence were, in our view, encompassed in the jury's award of personal-injury damages
in answer to Jury Question Number Two and would amount to a double recovery for the same
injuries if allowed also under Jury Question Number Six. We do not see how the described effects
of the invasion of appellees' privacy are distinguishable from the annoyance and discomfort
resulting from the nuisance. Without other evidence, the body of evidence will not support the
jury award of damages for invasion of privacy found in Jury Question Number Six. We hold
accordingly.

 We therefore reverse the judgment insofar as it awards damages for invasion of
privacy. We render judgment that the appellees take nothing by that action.


EXCESSIVE DAMAGES


 The Days assign as error the trial court's refusal to order a remittitur based on their
contention that certain amounts awarded by the jury were grossly excessive. We conclude the trial
court did not abuse its discretion for the reasons that follow.

 The Days complain first that the $30,000 awarded Fred Jones for injury to his land,
by reason of the nuisance, exceeded the $28,645 fixed by appellees' property-appraisal witness
as the amount of his damages. We overrule the contention because the entire $30,000 could
permissibly include under the charge sums awarded for personal injury as discussed above. This
element of damages, as pointed out previously, is not assailed on appeal.

 The Days complain next that the $1,000 awarded Fred Jones for trespass and
invasion-of-privacy damages, and the $4,500 awarded David and Catherine Ward for the same
torts, are excessive because they are not supported by the evidence and were fully encompassed
within the damages awarded for nuisance. We have previously reversed these awards and need
not consider this aspect of the Days' complaint of excessive damages.


STATUTORY BAR


 In their sixth issue, the Days complain that the trial court erred in failing to hold
the appellees' nuisance and invasion-of-privacy actions barred by reason of Texas Local
Government Code section 250.001(c). The statute declares as follows:


A person may not bring a nuisance or similar cause of action against a sport
shooting range based on noise if the sport shooting range is in compliance with all
applicable municipal and county ordinances, orders, and rules regulating noise.



Tex. Gov't Code Ann. § 250.001(c) (West Supp. 1999) (emphasis added). Because no municipal
or county ordinance, order, or rule regulating noise applied to the Days' shooting range, the trial
court evidently determined that the statute did not constitute a bar to the appellees' causes of
action.

 The Days argue that the trial court misconstrued the statute--if a municipality or
county decides not to regulate noise, then a shooting range is necessarily in compliance with that
decision. The statutory language will not reasonably bear the Days' interpretation. By its express
terms, the statutory bar is predicated on the applicability and therefore the existence of a local-government ordinance, order, or rule, rather than the non-existence of such an enactment. 
Moreover, the Days' reasoning is unacceptable: the absence of such an enactment does not
necessarily reflect a decision; it reflects only inaction. We overrule the Days' contention.


CROSS APPEAL


 In a single cross-point, appellees complain that the trial court abused its discretion
by refusing their application for a permanent injunction against future shooting on the Days'
range. (4)

 After the verdict in July 1996, which determined that the Days' operation of the
range amounted to a private nuisance, the trial court issued on the appellees' application a
temporary restraining order prohibiting the discharge of firearms at the range. Thereafter, the trial
court held a hearing on appellees' application for a permanent injunction, and denied such relief
in the court's final judgment signed April 14, 1997. We cannot tell from the record whether an
evidentiary hearing was held on the application for permanent injunction. The appellees have not
informed us in that regard; the Days contend that a hearing of that kind was held. In all events,
no transcript of such a hearing appears in the appellate record.

 The appellees were not entitled to a permanent injunction as a matter of right based
simply on a judgment which establishes that the Days' operation of the range amounts to a
nuisance. See Storey v. Central Hide & Rendering Co., 226 S.W.2d 615, 618 (Tex. 1950). And
in the absence of a record demonstrating that the trial court abused its discretion in some particular
by refusing the appellees' application for a permanent injunction, we cannot hold that the court
did so. We therefore overrule appellees' cross-point. See Phaup v. Boswell, 731 S.W.2d 625,
627 (Tex. App.--Houston [1st Dist.] 1987, no writ); 6 Texas Civil Practice § 48.3, at 1222-24
(1998).

 For the reasons given, we reverse the trial-court judgment insofar as it awards
damages for trespass and invasion of privacy. We render judgment that appellees take nothing by
those causes of action. We affirm the balance of the judgment. See Tex. R. App. P. 43.2 (c).



 

 Marilyn Aboussie, Chief Justice

Before Chief Justice Aboussie, Justices Kidd and Powers*

Affirmed in Part; Reversed and Rendered in Part

Filed: July 29, 1999

Do Not Publish
















* Before John E. Powers, Senior Justice (retired), Third Court of Appeals, sitting by assignment. 
See Tex. Gov't Code Ann. § 74.003(b) (West 1998).
1. Lloyd Adams died after the appeal was perfected. We will "adjudicate the appeal as if
all parties were alive." Tex. R. App. P. 7.1(a).
2. A private nuisance is a nontrespassory invasion of another's interest in the private use
or enjoyment of land. If the invasion is unintentional, it is actionable if caused by conduct that
is negligent or reckless, or results from other conduct that is culpable because abnormal and out
of place in its surroundings. If the invasion is intentional, liability depends upon whether the
invasion is unreasonable. An invasion is intentional if (1) the actor acts for the purpose of causing
it, or (2) the actor knows that it is resulting or is substantially certain to result from his conduct. 
See City of Princeton v. Abbott, 792 S.W.2d 161, 166 (Tex. App.--Dallas 1990, writ denied) (op.
on reh'g); City of Texarkana v. Taylor, 490 S.W.2d 191, 194 (Tex. Civ. App.--Texarkana 1972,
writ ref'd n.r.e.); Restatement (Second) of Torts § 825 (1965).
3. The elements of a cause of action for trespass are: (1) an intentional (2) entry on land
(3) in the possession of another. Restatement (Second) of Torts § 158 (1965). See First City Nat'l
Bank v. Japhet, 390 S.W.2d 70, 74-75 (Tex. Civ. App.--Houston 1965, writ denied). The
damages recoverable for trespass are various, but where the suit is for permanent injury to land,
the measure of damages is the difference in market value of the land immediately before and
immediately after the trespass. See Uvalde County v. Barrier, 710 S.W.2d 740, 743-44 (Tex.
App.--San Antonio 1986, no writ).


 Here, the entry of appellees' properties was alleged to be effected by bullets coming to
rest on their properties. The resulting injury was alleged to be an interference with the appellees'
use and enjoyment of their properties.
4. The appeal was perfected before September 1, 1997. Appellees were therefore allowed
to bring their cross-point without perfecting their own appeal, pursuant to the former Texas Rules
of Appellate Procedure. See 6 Texas Civil Practice § 13.5, at 374 (1998).



ing appears in the appellate record.