**Wilford C. SENN and Wanda Joan Senn, Appellants,**

v.

**TEXACO, INC. et al, Appellees.**

**No. 11–00–00401–CV.**

Court of Appeals of Texas, Eastland.

Aug. 16, 2001.

court rather than to the probate court. That question, however, should be raised in the trial court.

Timothy Lee, Paul Smith, Ware, Snow, Fogel & Jackson, Bill Robins III, Robins, Cloud, Greenwood & Lubel, Houston, for appellant.

Panel consists of ARNOT, C.J., and WRIGHT, J., and McCALL, J.

## Opinion

McCALL, Justice.

Wilford C. and Wanda Joan Senn appeal the trial court's summary judgment that they lacked standing to bring suit against Texaco, Inc .; Texaco Exploration and Production, Inc.; Exxon Mobil Corporation; and Apache Corporation (the defendants) for surface damages to their ranch land in Scurry, Garza, and Kent Counties. The Senns alleged that the oil and gas drilling and production activities of the defendants caused permanent and temporary injury to their land by contaminating the aquifer underlying the land. The trial court granted summary judgments to the defendants and severed them from the Senns' claims against other drillers and operators.[1] In three issues on appeal, the Senns argue that the trial court erred in granting summary judgment because: (1) their causes of action accrued for purposes of standing and limitations when they discovered the contamination; (2) the defendants failed to address the issue of standing as to temporary injury; and (3) the prior owners of the land conveyed their causes of action against the defendants for surface damages to the Senns. We affirm.

### Standard of Review

The defendants filed motions for traditional summary judgment. See TEX. R.CIV.P. 166a(c).[2] A trial court must grant a motion for traditional summary judgment if the moving party establishes that no genuine issue of material fact exists and that the moving party is entitled

to judgment as a matter of law. Rule 166a(c); *Lear Siegler, Inc. v. Perez*, 819 S.W.2d 470, 471 (Tex.1991). Once the movant establishes his right to a summary judgment, the non-movant must come forward with evidence or law that precludes summary judgment. *City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671, 678–79 (Tex.1979). When reviewing a summary judgment, the appellate court takes as true evidence favorable to the non-movant and indulges every reasonable inference and resolves any doubts in favor of the non-movant. *Nixon v. Mr. Property Management Company*, 690 S.W.2d 546, 548–49 (Tex.1985).

### Summary Judgment Proof

The Andrew Powie Fuller Revocable Trust (the Fullers) conveyed the surface estate in 23,013 acres of land (the land) now known as the "Covered 'S' Ranch" to the Senns on June 5, 1997. An appraisal of the land made to secure financing stated:

> Oil production encompasses approximately 3,000 acres of the northwest and west sides of the ranch. Oil and gas related roads, well locations, treatment plants, exposed pipelines and tank batteries are scattered over this area of the property.

\* \* \*

At times, other sources of income will include surface damage monies collected from the oil related activities located on a portion of the property.

1. The Senns also sued nine other defendants who apparently continue to operate oil and gas wells on the land.

2. Apache filed a motion for a no-evidence summary judgment on the ground of causation. See TEX.R.CIV.P. 166a(i). The Senns admittedly did not file a response to the no-evidence ground, but they argue that "Rule 11" agreements between them and Apache precluded summary judgment on those grounds. Apache has raised questions about the effect of the agreements and the motion; but, because of our disposition of the standing issues, we need not address those questions. TEX.R.APP.P. 47.1.

The deed conveying the land stated that the Senns bought the property:

*AS IS WHERE IS, AND WITH ALL FAULTS, AND WITHOUT ANY REP-RESENTATIONS OR WARRANTIES WHATSOEVER, EXPRESS OR IM-PLIED, WRITTEN OR ORAL,* EX-CEPT SOLELY THE WARRANTY OF TITLE EXPRESSLY SET FORTH HEREINABOVE; IT BEING THE INTENTION OF GRANTOR AND GRANTEE TO EXPRESSLY RE-VOKE, RELEASE, NEGATE AND EXCLUDE ALL REPRESENTA-TIONS AND WARRANTIES, *IN-CLUDING, BUT NOT LIMITED TO, ANY AND ALL EXPRESS OR IM-PLIED REPRESENTATIONS AND WARRANTIES AS TO* ... (viii) ANY ENVIRONMENTAL, GEOLOGICAL, METEOROLOGICAL, STRUCTURAL, OR OTHER CONDITION OR HAZ-ARD OR THE ABSENCE THEREOF HERETOFORE, NOW, OR HEREAF-TER AFFECTING IN ANY MANNER ANY OF THE PROPERTY, *INCLUD-ING, WITHOUT LIMITATIONS, CONCERNING WATER IN, ON, UN-DER, OR ABOUT THE PROPERTY.* (Underlining added)

Texaco[3] originally leased part of the land in 1948; Texaco assigned all of its rights to Apache in 1995. Apache as-signed all of its rights, except those to certain deep formations, to CK Oil Proper-ties effective June 1, 1997. Apache has not yet drilled or produced those deep formations. Apache retained an interest in one "L Shaped" tract of land, but no production had occurred on that land since 1984. Exxon leased part of the land be-ginning in 1948 also. Exxon assigned all of its interests in the land to Primrose

Operating Company effective April 1, 1992. It is undisputed that the drilling and pro-duction activities of the defendants ceased before the Fullers conveyed the land to the Senns.

### Standing to Bring Suit

In their motions for summary judgment, the defendants asserted the well-established rule in Texas that:

Where injury to land results from a thing that the law regards as a perma-nent nuisance, the right of action for all the damages resulting from the injury accrues to the owner of the land *at the time the thing that causes the injury commences to affect the land.* (Empha-sis added.)

*Vann v. Bowie Sewerage Co.*, 127 Tex. 97, 90 S.W.2d 561, 562 (1936). Stated another way, a cause of action for injury to real property is a personal right which belongs to the person who owns the property at the time of the injury. *Lay v. Aetna Insurance Company*, 599 S.W.2d 684, 686 (Tex.Civ.App.—Austin 1980, writ ref'd n.r.e.). The right to sue for injury to the land is not a right that runs with the land. The Senns argue, however, that the nature of the injury in this contamination of an aquifer case calls for the application of the discovery rule. See *Bayouth v. Lion Oil Company*, 671 S.W.2d 867 (Tex.1984). They contend that they discovered the in-jury to the aquifer and that, therefore, they own any cause of action arising from that injury.

The discovery rule, when it ap-plies, tolls the running of limitations and is an exception to the legal injury rule. See, e.g., *S.V. v. R.V.*, 933 S.W.2d 1 (Tex.1996). But the question of limitations cannot arise

---

**3.** We will refer to both Texaco, Inc. and Texa-co Exploration and Production, Inc, as "Texa-co."

unless the plaintiff has standing to come into court. Standing is a component of subject matter jurisdiction and arises when a person is personally aggrieved or has an interest peculiar to himself and not merely as a member of the general public. *Nootsie, Ltd. v. Williamson County Appraisal District*, 925 S.W.2d 659, 661 (Tex. 1996); Hunt v. Bass, 664 S.W.2d 323, 324 (Tex.1984). Without the breach of a legal right belonging to the plaintiff, no cause of action can accrue to his benefit. See *Nobles v. Marcus*, 533 S.W.2d 923, 927 (Tex. 1976); *Marburger v. Seminole Pipeline Company*, 957 S.W.2d 82, 89 (Tex.App.—Houston [14th Dist.] 1997, pet'n den'd); *Gamboa v. Shaw*, 956 S.W.2d 662, 666 (Tex.App.—San Antonio 1997, no pet'n). The discovery rule cannot work to transfer the ownership of a cause of action from one person to another simply because the second person claims to have discovered the injury. The rule stated in *Vann* and *Lay* is simple, straightforward, and easily applied. It lends certainty to transactions involving real property by producing clearly defined rights and liabilities. We see no reason to riddle it with an exception engrafted from an entirely unrelated area of law.

Even if the rule stated in *Vann* seems harsh as applied in this case, the Senns could have avoid its application. As noted in *Vann*, a subsequent owner may bargain for an assignment of the prior owner's possible causes of action for injuries to the land that occurred before the purchase. *Vann v. Bowie Sewerage Company, supra* at 563. The Senns could have insisted that the Fullers give them warranties about the condition of the land and water in the deed. Furthermore, the Senns could have performed a better inspection of the land and water before they purchased the land. The fact that the Fullers made no warranties about the condition of the land or water, combined with the long-standing production of oil and gas from the land, indicated the need for an inspection if the Senns had a concern about the aquifer.

The Senns lack standing to bring suit for any type of injuries to the land that occurred prior to their purchase. The trial court did not err in granting summary judgment on that ground. We overrule the Senns' first issue on appeal.

### Types of Injuries Alleged

■ The Senns argue that because they pleaded both temporary and permanent injury to the land and because the defendants' motions for summary judgment did not address standing to sue for temporary injuries, we must remand the cause to the trial court. The distinctions drawn between temporary and permanent injuries has to do with the running of limitations and the types of damages that may be recovered. *See Bayouth v. Lion Oil Company, supra*; *Kraft v. Langford*, 565 S.W.2d 223 (Tex.1978); *Atlas Chemical Industries v. Anderson*, 524 S.W.2d 681 (Tex. 1975); *North Ridge Corporation v. Walraven*, 957 S.W.2d 116 (Tex.App.—Eastland 1997, pet'n den'd). The distinction between temporary and permanent damages is meaningless with respect to the issue of standing. Any injury to the land that the defendants might have caused, whether temporary or permanent, occurred prior to the Senns' purchase of the land. The Senns do not own any causes of action for either type of injury that may have been caused by the defendants. Therefore, neither the defendants nor the trial court had to address the type of injury alleged. We overrule the Senns' second issue on appeal.

### Conveyance of the Fullers' Rights

■ Finally, the Senns argue that the Fullers conveyed their rights against the defendants for surface damages. The

plain language of the deed belies this argument. The purported conveyance of the Fullers' causes of action does not contain words of conveyance or assignment. It is located in the reservation of the mineral estate to the Fullers and merely defines the extent of the Fullers' reservation. The reservation of the mineral estate states that:

> [N]othing contained herein is intended to limit the right of Grantee, their heirs, successors and assigns, to seek to recover whatever surface damages to which Grantee, or their heirs, successors or assigns may be entitled under Texas law *in the event of the production or mining of any of the foregoing minerals and other substances.* (Emphasis added)

This provision clearly applies to injuries occurring after the Senns' purchase of the land. The Fullers did not convey any of their rights against the defendants to the Senns. We overrule the Senns' third issue on appeal.

### *This Court's Ruling*

The trial court did not err in granting summary judgment for the defendants on the ground that the Senns lacked standing to sue for injuries to the land that occurred before the Senns purchased the land. The judgment of the trial court is affirmed.