In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-02-00130-CV
______________________________


DON DENMAN AND PEGGY DENMAN, Appellants
Â 
V.
Â 
CITGO PIPELINE COMPANY, Appellee


Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

On Appeal from the 124th Judicial District Court
Gregg County, Texas
Trial Court No. 2000-1993-B-1


Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 



Before Morriss, C.J., Ross and Carter, JJ.
Opinion by Justice Ross


O P I N I O N

Â Â Â Â Â Â Â Â Â Â Don Denman and Peggy Denman, husband and wife, appeal the granting of Citgo
Pipeline Company's motion for summary judgment. The Denmans sued several
defendants, including Citgo, for alleged contamination and injuries to their land caused by
the presence of oil and gas equipment. The trial court concluded the Denmans, as
subsequent purchasers of the property, lacked standing to bring suit for injuries that
occurred before their purchase of the property. 
Â Â Â Â Â Â Â Â Â Â The Denmans contend there are questions of fact, precluding summary judgment,
as to whether Citgo still owns a right-of-way on their property and a second pipeline on that
right-of-way, and whether Citgo has ongoing operations on that right-of-way. The
Denmans also assert standing to sue because the injuries to their property are temporary,
not permanent. Finally, they contend Citgo's violations of Railroad Commission regulations
and the Texas Litter Abatement Act also provide them with standing.
Â Â Â Â Â Â Â Â Â Â We overrule the Denmans' contentions and affirm the summary judgment. 
Background
Â Â Â Â Â Â Â Â Â Â The right-of-way in question was granted January 19, 1932, by W.Â L. Pentecost and
Daisy Pentecost to Arkansas Pipeline Corporation for the transportation of oil or gas on
lands they held in the L. B. Outlaw and Mary Scott Surveys. Arkansas Pipeline Corporation
merged with City Services Pipeline Company and later became Citgo Pipeline Company. 
Citgo owned and operated a four-inch "Donaldson Lateral" pipeline on the right-of-way in
question from 1975 until 1997. On January 27, 1997, Citgo sold this pipeline to EOTT,


 
Energy Pipeline Limited Partnership. The Denmans purchased the property on which this
right-of-way exists October 15, 1998. The deed conveying the property to the Denmans
expressly subjected their rights to all easements, rights-of-way, and oil and gas leases that
affected the property. The deed did not contain an express assignment for causes of
action for any prior injuries to the land. Â 
Â Â Â Â Â Â Â Â Â Â Around February 21, 1999, the Denmans allegedly discovered contamination of their
soil. They also became aware of concrete pillars, deadmans,


 and asbestos-covered
pipelines on their land. The Denmans sued Citgo and twenty-nine other defendants,
alleging causes of action based on trespass, negligence, nuisance, and unjust enrichment. 
Citgo moved for summary judgment, contending the Denmans, as subsequent purchasers,
lacked standing to bring suit against an oil and gas operator for injuries that occurred
before their purchase of the land. Citgo established, by affidavit testimony, that it had not
conducted any operations on the property in question since the sale of the Donaldson
Lateral pipeline to EOTT. Therefore, Citgo argued, it had caused no damage to the
Denmans. The Denmans contended Citgo continued to own the right-of-way in question,
as well as a second pipeline on that right-of-way. In their response to the motion for
summary judgment, the Denmans produced pictures purported to be of a "pipeline above
land surface on Denman property" and Citgo signs, warning of a pipeline. The trial court
granted Citgo's motion. The Denmans filed a motion for reconsideration and amended
their petition to include violations of the Texas Litter Abatement Act. In the motion for
reconsideration, the Denmans produced several more photographs, purportedly "depicting
the CITGO/EOTT Right of Way, a surface pipeline wrapped with asbestos and/or the
surface pipeline in close proximity or crossing the four inch Donaldson Lateral pipeline." 
The trial court denied the Denmans' motion for reconsideration and granted Citgo's motion
for severance. 
Standard of Review
Â Â Â Â Â Â Â Â Â Â Citgo filed a traditional motion for summary judgment. See Tex. R. Civ. P. 166a(c). 
A trial court must grant such a motion if the moving party establishes that no genuine issue
of material fact exists and that the moving party is entitled to judgment as a matter of law. 
Lear Siegler, Inc. v. Perez, 819 S.W.2d 470, 471 (Tex. 1991). Once the movant
establishes his or her right to summary judgment, the nonmovant must come forward with
evidence or law that precludes summary judgment. City of Houston v. Clear Creek Basin
Auth., 589 S.W.2d 671, 678-79 (Tex. 1979). When reviewing a summary judgment, the
appellate court takes as true evidence favorable to the nonmovant and indulges every
reasonable inference and resolves any doubts in favor of the nonmovant. Nixon v.
Mr.Â Prop. Mgmt. Co., 690 S.W.2d 546, 548-49 (Tex. 1985).
Standing 
Â Â Â Â Â Â Â Â Â Â Standing is a necessary component of subject matter jurisdiction. Tex. Ass'n of
Bus. v. Tex. Air Control Bd., 852 S.W.2d 440, 445-46 (Tex. 1993). Subject matter
jurisdiction is essential to the authority of a court to decide a case. Id. Whether a trial
court has subject matter jurisdiction is a question of law subject to de novo review. See
Mayhew v. Town of Sunnyvale, 964 S.W.2d 922, 928 (Tex. 1998). Accordingly, we
conduct a de novo review of a trial court's determination of standing. See id.
Â Â Â Â Â Â Â Â Â Â The fundamental rule of standing is that the person whose primary legal right has
been breached is the only person who may seek redress for an injury. Nobles v. Marcus,
533 S.W.2d 923, 927 (Tex. 1976). In other words, a person has standing to sue when he
or she is personally aggrieved by an alleged wrong. Nootsie, Ltd. v. Williamson County
Appraisal Dist., 925 S.W.2d 659, 661 (Tex. 1996). Without a breach of a legal right
belonging to a plaintiff, that plaintiff has no standing to litigate. Brunson v. Woolsey, 63
S.W.3d 583, 587 (Tex. App.âFort Worth 2001, no pet.). Therefore, to reverse the trial
court's ruling that the Denmans had no standing, this Court must determine the Denmans
had a cause of action for injury to the property. See Nobles, 533 S.W.2d at 927 (citing Am.
Nat'l Ins. Co. v. Hicks, 35 S.W.2d 128 (Tex. Comm'n App. 1931, judgm't adopted)).
Â Â Â Â Â Â Â Â Â Â A cause of action accrues when a plaintiff first becomes entitled to file a lawsuit
based on a legal wrong attributed to a defendant. Zidell v. Bird, 692 S.W.2d 550, 554
(Tex. App.âAustin 1985, no writ). In Hicks, 35 S.W.2d at 131, the court found that a right
of action "depends on the existence of what is termed a cause of action, which involves the
combination of a right on the part of the plaintiff and a violation of such right by defendant." 
Generally, a cause of action for injury to real property accrues when the injury is
committed. Bayouth v. Lion Oil Co., 671 S.W.2d 867, 868 (Tex. 1984) (cause of action for
permanent injury to land accrues on discovery of first actionable injury); see Yancy v. City
of Tyler, 836 S.W.2d 337, 341 (Tex. App.âTyler 1992, writ denied) (cause of action for
temporary injury to land accrues on each actionable injury). The right to sue for the injury
is a personal right belonging to the person owning the property at the time of the injury. 
Abbott v. City of Princeton, 721 S.W.2d 872, 875 (Tex. App.âDallas 1986, writ ref'd n.r.e.);
Lay v. Aetna Ins. Co., 599 S.W.2d 684, 686 (Tex. Civ. App.âAustin 1980, writ ref'd n.r.e.). 
Therefore, without express provision, the right does not pass to a subsequent purchaser
of the property. Abbott, 721 S.W.2d at 875; Lay, 599 S.W.2d at 686. A mere subsequent
purchaser cannot recover for an injury committed before his or her purchase. Lay, 599
S.W.2d at 686.
Â Â Â Â Â Â Â Â Â Â Citgo relies on Senn v. Texaco, Inc., 55 S.W.3d 222 (Tex. App.âEastland 2001,
pet. denied), and Exxon Corp. v. Pluff, 94 S.W.3d 22 (Tex. App.âTyler 2002, pet. denied). 
Both the Senn and Pluff cases are very similar to the case at hand, and both held that the
cause of action for injuries to property belongs to the owner of the property at the time of
the alleged injuries and that subsequent purchasers lack standing to sue, absent an
express provision in the deed granting them that power. Â 
Â Â Â Â Â Â Â Â Â Â In Senn, 55 S.W.3d at 224, several oil and gas producers operated on property
known as the "Covered 'S' Ranch" and allegedly caused permanent and temporary injuries
to the ranch by contaminating the aquifer underlying the land. The Senns purchased the
property in 1997, but all drilling and production activities of the defendant producers had
ceased before the Senns' purchase. Id. at 224-25. The defendant producers relied on the
well-established rule in Texas that:
Where injury to land results from a thing that the law regards as a
permanent nuisance, the right of action for all the damages resulting from the
injury accrues to the owner of the land at the time the thing that causes the
injury commences to affect the land.

Senn, 55 S.W.3d at 225 (quoting Vann v. Bowie Sewerage Co., 127 Tex. 97, 90 S.W.2d
561, 562 (1936)). Based on this long-standing principle, the court found the Senns lacked
standing to bring suit for any type of injury to the land that occurred before their purchase. 
Senn, 55 S.W.3d at 226. The court noted that, while the rule in Vann may seem harsh as
applied to the Senns, the Senns could have avoided its application by bargaining for an
assignment of the prior owner's possible causes of action for injuries to the land that
occurred before the purchase, or insisted that the grantor sellers give them warranties
about the condition of the land in the deed. Id. In addition, the Senns could have
performed a better inspection of the land, where it was apparent from the lack of warranties
about the condition of the land and the long-standing production of oil and gas from the
land, that such an inspection was needed. Id. Â 
Â Â Â Â Â Â Â Â Â Â In Pluff, 94 S.W.3d at 26, a landowner sued Exxon based on the oil company's
failure to remove all of the oilfield materials used in drilling and operation of oil wells on his
property. Exxon's drilling and production activities on the property ceased before Pluff's
purchase of the land in 1992, and all of the oilfield materials were on the property on the
date of Pluff's purchase. Id. at 27. The Tyler Court of Appeals found that standing is a
threshold issue, and the proper inquiry is whether the plaintiff has a "cause of action, which
involves the combination of a right on the part of the plaintiff and a violation of such right
by defendant." Id. at 28 (quoting Nobles, 533 S.W.2d at 927). The court found the
subsequent landowner had no cause of action, and therefore lacked standing, because
they showed no injury that occurred during their ownership of the land. Pluff, 94 S.W.3d
at 28. In summarizing the Senn holding, the Pluff court found that, "in determining
standing, the characterization of the injury [is] not important; it [is] the fact of injury that [is]
critical." Id. The court concluded the undisputed evidence "showed a continuing condition
that already existed on the date of purchase," and "[w]ithout a new injury that occurred
after they purchased the property or an assignment of a cause of action for the prior injury,
the [plaintiff] had not been aggrieved and therefore had no standing." Id.
Â Â Â Â Â Â Â Â Â Â In this case, it is uncontroverted that Citgo sold the Donaldson Lateral pipeline to
EOTT before the Denmans purchased the property and that, since the sale, Citgo has not
conducted any operations on the Denman property. Citgo provided the affidavit testimony
of Clyde Stone, a Citgo Petroleum Corporation employee, who stated that, on January 27,
1997, Citgo sold the Donaldson Lateral pipeline to EOTT Energy Pipeline and that, since
the date of that sale, "Citgo Pipeline Company has not conducted any other operations on
the property . . . ." Rule 166a(c) of the Rules of Civil Procedure states that a summary
judgment may be based on "uncontroverted testimonial evidence of an interested witness
. . . if the evidence is clear, positive and direct, otherwise credible and free from
contradictions and inconsistencies, and could have been readily controverted." Tex. R.
Civ. P. 166a(c).
Ongoing Operations 
Â Â Â Â Â Â Â Â Â Â The Denmans did not controvert that Citgo sold the Donaldson Lateral pipeline to
EOTT before their purchase of the land, but instead contend Citgo owned a second
pipeline on the right-of-way in question and therefore have ongoing operations on the
property. Rule 166a(c) of the Rules of Civil Procedure provides that "[e]xcept on leave of
court, the adverse party, not later than seven days prior to the day of hearing may file and
serve opposing affidavits or other written response." Tex. R. Civ. P. 166a(c). As the rule
makes clear, the court has discretion to accept late-filed evidence. Beavers v. Goose
Creek Consol. Ind. Sch. Dist., 884 S.W.2d 932, 935 (Tex. App.âWaco 1994, writ denied). 
In the Denmans' timely response to the motion for summary judgment, they produced
pictures purported by affidavit to be a "pipeline above land surface on Denman property"
and Citgo signs warning of a pipeline. The trial court granted Citgo's motion for summary
judgment March 22, 2002. The Denmans filed a motion for reconsideration of the order
granting Citgo's motion for summary judgment June 21, 2002, and included several more
photographs purported by affidavit to be "depicting the CITGO/EOTT Right of Way, a
surface pipeline wrapped with asbestos and/or the surface pipeline in close proximity or
crossing the four inch Donaldson Lateral pipeline." There is no indication in the record
before us the trial court considered the late-filed affidavit attached to the motion for
reconsideration. The court expressly denied the motion for reconsideration. Therefore,
the affidavit and photographs allegedly depicting a second pipeline on the right-of-way in
question is not summary judgment evidence and we will not consider it. The affidavit
testimony and photographs attached to the original response to the motion for summary
judgment do not establish ongoing operations by Citgo or the ownership of a second
pipeline on the right-of-way. The photographs allegedly show a "pipeline above land
surface on Denman property." They do not purport to depict a second pipeline on the right-of-way in question, and in light of the numerous other oil and gas rights-of-way and
pipelines on the Denman property, there is no reasonable inference the photographs are
of a second pipeline on the right-of-way. In their original response to the motion for
summary judgment, the Denmans also produced pictures of Citgo signs on the property,
warning of petroleum pipelines. The presence of Citgo signs, which were subsequently
changed to EOTT signs, does not address whether Citgo continued to own a second
pipeline, or whether it was continuing to operate on the property. 
Â Â Â Â Â Â Â Â Â Â Citgo produced summary judgment evidence it sold the Donaldson Lateral pipeline
and ceased all operations on the property before the Denmans purchased it. The
Denmans produced no evidence to controvert that. We conclude that Senn and Pluff are
controlling and that, like the landowners in those cases, the Denmans lack standing to sue
because any injury to their property occurred before they purchased it and their deed
contains no assignment of any cause of action. 
Temporary or Permanent Injury
Â Â Â Â Â Â Â Â Â Â The Denmans attempt to distinguish Senn and Pluff by asserting that the injury to
their property is temporary in nature and that their cause of action accrues anew each day
the action is not desisted. While it is questionable whether the injuries they allege are
temporary,


 this argument was directly rejected in Senn. The Eastland Court of Appeals
regarded the distinction between temporary and permanent injuries as meaningless with
respect to the issue of standing. Senn, 55 S.W.3d at 226. The court found that "[a]ny
injury to the land that the defendants might have caused, whether temporary or permanent,
occurred prior to the Senns' purchase of the land," and the Senns, therefore, did not own
any causes of action for either type of injury that may have been caused by the
defendants. Id. The court in Pluff, 94 S.W.3d at 28, as discussed above, analyzed the
distinction between permanent and temporary injuries and also determined that the
characterization of the injury is not important to the inquiry on standing.
Statutory Violations Â Â Â Â Â Â Â Â 
Â Â Â Â Â Â Â Â Â Â The Denmans also contend Citgo violated Railroad Commission regulations and the
Texas Litter Abatement Act, and that such statutory violations provide them standing to
bring suit. The Denmans did not allege any causes of action for violation of any Railroad
Commission regulations, and such violations therefore cannot provide them standing to
sue. 
Â Â Â Â Â Â Â Â Â Â The Denmans alleged violations of the Texas Litter Abatement Act only in their
second amended petition, filed after the trial court granted Citgo's motion for summary
judgment. Rule 166a, Texas Rules of Civil Procedure, provides that a summary judgment
shall be rendered on the "pleadings . . . on file at the time of the hearing, or filed thereafter
and before judgment with permission of the court, . . . ." Tex. R. Civ. P. 166a(c); see also
Automaker, Inc. v. C.C.R.T. Co., 976 S.W.2d 744, 745 (Tex. App.âHouston [1st Dist.]
1998, no pet.); Taylor v. Sunbelt Mgmt., Inc., 905 S.W.2d 743, 745 (Tex. App.âHouston
[14th Dist.] 1995, no writ). Nonmovants must secure the court's permission to file an
amended pleading after the hearing. Tex. R. Civ. P. 166a(c); see also Automaker, Inc., 976
S.W.2d at 745. A trial court cannot grant a motion to amend the pleadings once the court
renders judgment. Automaker, Inc., 976 S.W.2d at 746. Here, the Denmans filed their
second amended petition after the trial court granted Citgo's motion for summary judgment. 
The alleged violations of the Texas Litter Abatement Act, therefore, were not on file at the
time of the summary judgment hearing and were not filed thereafter "before judgment with
permission of the court." We will not consider them. 
Â Â Â Â Â Â Â Â Â Â We affirm the judgment. 


Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Donald R. Ross
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Justice

Date Submitted:Â Â Â Â Â Â November 12, 2003
Date Decided:Â Â Â Â Â Â Â Â Â December 8, 2003


Â 

Â 

   On Appeal from the County Court at Law

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Cass County, Texas

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Trial Court No. CCLM100048

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

Â 

Â 

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Before Morriss, C.J.,
Carter and Moseley, JJ.

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Memorandum Opinion by Justice Moseley








Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  MEMORANDUMÂ 
OPINION

Â 

Â Â Â Â Â Â Â Â Â Â Â  Randi
Denise Bray appeals her conviction of guilt for the offense of driving while
intoxicated, a class B misdemeanor.Â  See Tex.
Penal Code Ann. Â§ 49.04 (Vernon 2003).Â 
Bray was sentenced to 180 daysÂ confinement in the county jail and was
fined $2,000.00.Â  Bray was represented by
different appointed counsel at trial and on appeal.[1]

Â Â Â Â Â Â Â Â Â Â Â  BrayÂs
attorney on appeal has filed a brief which discusses the record and reviews the
proceedings in detail.Â  Counsel has thus
provided a professional evaluation of the record demonstrating why, in effect,
there are no arguable grounds to be advanced.Â 
This meets the requirements of Anders
v. California, 360 U.S. 738 (1967); Stafford
v. State, 813 S.W.2d 503 (Tex. Crim. App. 1981); and High v. State, 573 S.W.2d 807 (Tex. Crim. App. [Panel Op.]
1978).Â  

Â Â Â Â Â Â Â Â Â Â Â  Counsel
mailed a copy of the brief to Bray on February 1, 2011, informing Bray of her
right to file a pro se response and of her right to review the record.Â  Counsel has also filed aÂ  motion with this Court seeking to withdraw as
counsel in this appeal.Â  Bray has neither
filed a pro se response, nor has she requested an extension of time in which to
file such a response.Â  

Â Â Â Â Â Â Â Â Â Â Â  We
have determined that this appeal is wholly frivolous.Â  We have independently reviewed the clerkÂs
record and the reporterÂs record, and we agree that no arguable issues support
an appeal.Â  See Bledsoe v. State, 178 S.W.3d 824, 826Â27 (Tex. Crim. App.
2005).Â  

Â Â Â Â Â Â Â Â Â Â Â  In
a frivolous appeal situation, we are to determine whether the appeal is without
merit and is frivolous, and if so, the appeal must be dismissed or affirmed. Â See
Anders, 386 U.S. 738.

Â Â Â Â Â Â Â Â Â Â Â  We
affirm the judgment of the trial court.[2]

Â 

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Bailey
C. Moseley

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Justice

Â 

Date Submitted:Â Â Â Â Â Â Â Â Â  April
1, 2011

Date Decided:Â Â Â Â Â Â Â Â Â Â Â Â  April
4, 2011

Â 

Do Not Publish











[1]Bray
also appealed, in companion cause number 06-10-00151-CR, opinion issued on
March 22, 2011, her conviction of guilt for the offense of evading arrest in a
motor vehicle and resulting sentence of two years in the state-jail division of
the Texas Department of Criminal Justice.Â 
Both sentences are to run concurrently.





[2]Since
we agree this case presents no reversible error, we also, in accordance with Anders, grant counselÂs request to
withdraw from further representation of appellant in this case.Â  No substitute counsel will be appointed.Â  Should appellant wish to seek further review
of this case by the Texas Court of Criminal Appeals, appellant must either
retain an attorney to file a petition for discretionary review or appellant must
file a pro se petition for discretionary review.Â  Any petition for discretionary review must be
filed within thirty days from the date of either this opinion or the last
timely motion for rehearing that was overruled by this Court.Â  See
Tex. R. App. P. 68.2.Â  Any petition for discretionary review must be
filed with this Court, after which it will be forwarded to the Texas Court of
Criminal Appeals along with the rest of the filings in this case.Â  See
Tex. R. App. P. 68.3.Â  Any petition for discretionary review should
comply with the requirements of Rule 68.4 of the Texas Rules of Appellate
Procedure.Â  See Tex. R. App. P. 68.4.