C. O. HERNDON et ux., Appellants,

v.

G. C. McBRIDE, INC., Appellee.

No. 3568.

Court of Civil Appeals of Texas.

Eastland.

Nov. 23, 1960.

Callaway & Callaway, Brownwood, for appellants.

Griffin & Griffin, Brownwood, for appellee.

COLLINGS, Justice.

C. O. Herndon and wife brought this suit on July 24, 1959, against G. C. McBride, Inc., for damages in the sum of $7,500, alleged to have been suffered by plaintiffs on account of seepage of water from a ditch on the side of and across the road from plaintiffs' land, into which ditch defendant had discharged the water. Plaintiffs alleged that their land was on a lower elevation than the ditch, and that water discharged therein by defendant seeped and percolated under and through the road and then onto, under and through plaintiffs' land, completely saturating it on the surface and to a depth of 20 or 30 feet, thereby rendering said property to all intents and purposes uninhabitable and worthless. Defendant answered by a general denial and a plea that plaintiffs' suit was barred under the two year statute of limitation, Article 5526, Vernon's Ann.Tex.Civ.St.

The case was tried before a jury and after the evidence was heard the court granted defendant's motion for an instructed verdict on the ground that plaintiffs' cause of action was barred by the two year statute of limitation and judgment was entered for the defendant. Plaintiffs C. O. Herndon and wife have appealed.

Appellants present one point in which they contend that the two year statute of limitation did not run against their cause of action and that the court erred in so holding. Appellants urge, in effect, that where the nuisance complained of, as in this case, consists of the construction of a ditch, not invading or touching their property but from which there is occasional or continuous seepage and percolation of water injuring the property, that limitation does not run against them from the time of the building of the ditch or from the time of discharging the water therein, but begins to run only from the time that appellants knew of the invasion of their rights and that even then limitation did not run against the entire cause of action resulting therefrom, but that under these conditions they are entitled to sue for and recover their damages every two years until such nuisance is abated.

In our opinion the pleadings and the proof show that the nature of plaintiffs' suit is one for permanent damages to land; that such pleadings and proof show that appellants' legal rights were invaded and that they had knowledge thereof in the early part of 1957 and not later than the spring of that year, and that since appellants did not institute this suit until more that two years later, on July 24, 1959, the trial court did not err in granting appellee an instructed verdict on the ground that appellants' cause of action was barred by the two year statute of limitation.

It was alleged by appellants that appellee, McBride, is and has for several years been the owner and operator of a rock-crushing, lime, sand and road material business on a tract of about 100 acres of land across the road from and on a higher elevation than appellants' land; that appellee uses and disposes of large quantities of water in the operation of his business; that since about January of 1957 he has constantly discharged water in great volume from his plant and from his property into a ditch constructed across the road from and on the west side of appellants' land. Appellants alleged that beginning some four or five years ago water from appellee's plant has overflowed said ditch and has permeated

and percolated from the bottom and sides of said ditch over and across said roadway and through and under said roadway, onto and under and through appellants' land to such an extent that their property has been, to a depth of some 20 or 30 feet, and on the surface thereof, completely and constantly saturated so that the surface is always muddy, wet and unsightly; that such condition has killed and destroyed all of the fruit trees and a large amount of the ornamental shrubbery on appellants' property, and has rendered their said property to all intents and purposes uninhabitable and worthless. Appellants further alleged that since about January of 1957 the appellee has discharged water in still greater volume constantly from off its property into the ditch across the road from appellants' land, and that the discharge of such water has resulted in the damage to appellants' property as above set out. Appellants alleged that the value of their land prior to the time said property was injured by the water discharged by appellee was $7,500 and that from the time of the beginning of the water damage it has deteriorated to the point that the reasonable market value is less than $250.

Appellants C. O. Herndon and his wife both testified concerning the damage sustained by reason of the seepage of water on and under their land and when such seepage began and became known to them. They testified that the seepage began in 1957; that it had never given them any trouble prior to that time but continued all during the years 1957, 1958 and 1959 and three months into 1960, which was until about the time of the trial on March 21, 1960. They testified that the water began to seep into their land in the spring of 1957 and that during the entire three year period until the time of the trial it was so wet that it couldn't be worked; that it was boggy and muddy during the entire time and never dried up; that it had not been fit for human habitation since it had become overflowed, inundated and saturated three years before the time of the trial. Appel-

lants testified that prior to 1957 they had cultivated a part of the lot as a garden; that they planted their garden in the early spring of 1957 and tried to cultivate it, but the water was so bad that the land could not be cultivated and the vegetables rotted. It thus appears that appellants have plead and proved by their own testimony that the seepage began at least as early as January of 1957 and that they discovered it at least by early spring of 1957 and that it continued without interruption until the case was tried on March 21, 1960. Appellants brought suit on July 24, 1959, for total damage to their property, alleging that before the seepage, the value of their property had been $7,500 and that after the seepage, its value was not more than $250.

The pleadings and evidence including the testimony of appellants themselves show that in the early part of 1957 appellants' legal rights were invaded by the seepage of the water on, into and under their land and that they had full knowledge of such invasion in that they had knowledge of the fact that water was being continuously discharged by appellee from its gravel pit operation which was an installation of a permanent character; that the water had by early spring of 1957 seeped and percolated on, into and under their land to the extent that it was boggy, muddy and completely saturated, rendering the land unfit for human habitation. Appellants' cause of action for such permanent damage to their land accrued and limitation began to run at the time the injury to their land became apparent. Beck v. American Rio Grande Land & Irrigation Co., Tex.Civ. App., 39 S.W.2d 640 (Writ Ref.); Houston Natural Gas Corp. v. Pearce, Tex.Civ.App., 311 S.W.2d 899 (Ref. N.R.E.). The facts of the instant case are very similar to the facts in the Supreme Court case of Tennessee Gas Transmission Co. v. Fromme, 153 Tex. 352, 269 S.W.2d 336. In the Fromme case the plaintiff's legal rights were invaded and the Supreme Court held that the statute began to run when the

water which was on the surface and visible began to flow upon her land. In the instant case appellants' legal rights were invaded and the statute began to run when it became apparent to appellants that the water was seeping into, saturating and permanently injuring their land. Since the invasion of appellants' legal rights occurred and became know to them more than two years before suit was brought, their cause of action became barred by the two year statute of limitation.

The trial court correctly held that appellants' cause of action was barred by the two year statute. The judgment is affirmed.