Tonnie ABBOTT, Appellant,

v.

CITY OF PRINCETON,
TEXAS, Appellee.

No. 05–85–00839–CV.

Court of Appeals of Texas,
Dallas.

July 18, 1986.

Rehearing Denied Dec. 18, 1986.

Raymond G. Wheless, Plano, for appellant.

Kenneth C. Dippell, Dallas, for appellee.

Before AKIN, HOLLINGSWORTH and HOWELL, JJ.

HOWELL, Justice.

Tonnie and Mildred Abbott sued the City of Princeton alleging that the city's construction of a street caused flooding of their land. The city obtained summary judgment, from which the Abbotts appeal. Finding that the city was not entitled to judgment as a matter of law, we reverse the trial court's judgment and remand the cause for further proceedings.

The summary judgment evidence established that the Abbotts purchased a two-acre tract of land in Princeton, Texas during 1969 and operated a roller rink on the property. The property north of the Abbotts tract consisted of terraced farmland and was owned by the Princeton Independent School District. In 1971, the school district cleared the land for construction, removing all but one of the terraces, which was located on a fifty-foot strip of land, which strip was later conveyed to the City of Princeton for use as a street.

The Abbotts contend that, after 1971, rainwater from the school district lot collected behind the terrace and would then flow over the terrace and flood their property. In 1975, the city endeavored to correct the problem by placing two "horns" or culverts beneath the street. The Abbotts say that this only worsened the flooding. In 1976, the city replaced the culverts with a drainage ditch. The Abbotts complained that the flooding continued.

The Abbotts brought suit in 1982. On January 3, 1985, the Abbotts conveyed the two-acre tract in question to Billy and Margaret Chandler. The Abbotts and Chandlers intended that one acre of the tract was to be conveyed, but, through error the entire tract was included in the deed. The Chandlers subsequently assigned to the Abbotts any cause of action that they may have had relating to the property.

The city moved for summary judgment on four grounds,[1] alleging that 1) in conveying the property the Abbotts lost their right to maintain the action, 2) the suit is barred by limitations, 3) the City of Princeton is not a "person" within the meaning of the Water Code, and 4) the Abbotts suffered no damages because the value of the property increased over the period of time in question. The trial court accepted each ground as a basis for the summary judgment. We conclude, however, that none conclusively negates the Abbotts' cause of action and that summary judgment was, therefore, improper.

The City asserts that when the Abbotts conveyed the subject property, they lost their right to maintain an action. The heart of the contention is that the Abbotts no longer have a justiciable interest in the property.

We disagree. Certainly, the lack of an interest in the property would prevent the Abbotts from recovering the value

---

1. Prior to the hearing on the motion for summary judgment, the trial court has sustained special exceptions to the Abbott's pleadings. They did not amend within the time granted to them. On proper notice, the court could have dismissed the case for failure to amend. *Texas Department of Corrections v. Herring*, 513 S.W.2d 6, 10 (Tex.1974); *In re Estate of Mahan*, 653 S.W.2d 335, 337 (Tex.App.—San Antonio 1983, no writ). However, there was no motion to dismiss and the trial court did not grant such relief. Summary judgment cannot be granted for defects in the pleadings if facts are disclosed which show that on amendment to the pleadings would render the position of the moving party insupportable. *Foster v. Bullard*, 496 S.W.2d 724, 734 (Tex.Civ.App.—Austin 1983, writ ref'd n.r.e.). We must therefore pass upon this case as if the special exceptions had never been filed.

of the land in an inverse condemnation proceeding. *See Brazos River Conservation & Reclamation District v. Harmon,* 178 S.W.2d 281, 286 (Tex.Civ.App.—Eastland 1944, writ ref'd n.r.e.). Further, without showing some present particularized damage, they could not maintain an injunctive action to abate a nuisance. *National Audubon Society v. Johnson,* 317 F.Supp. 1330, 1335 (S.D.Tex.1970). The lack of present ownership, however, does not negate every possible cause of action arising from the incidents in question.

 In general, a plaintiff who voluntarily conveys the subject property during pendency of a suit may maintain an action to recover for damages sustained during the period that the plaintiff owned the property. *See Richey v. Stop N Go Markets of Texas, Inc.,* 643 S.W.2d 505, 507 (Tex.App.—Houston [14th Dist.] 1982), *aff'd,* 654 S.W.2d 430 (Tex.1983). Nor is an accrued cause of action for damages extinguished by the subsequent conveyance of the subject property. In *Vann v. Bowie Sewerage Co.,* 127 Tex. 97, 90 S.W.2d 561 (1936, opinion adopted), the appellants sued to recover damages for the pollution of a stream. The court noted that the cause of action for the pollution had first accrued while the appellant's predecessor owned the property. Because the deed conveying the land did not transfer the cause of action, it remained in the vendor. *Vann,* 90 S.W.2d at 562–563. Similarly, any cause of action related to the flooding accruing during the Abbotts' tenure remained with them despite the conveyance to the Chandlers. Personal damages, of course, may be recovered regardless of the ownership of the land. *Id.* at 563.

The second ground for summary judgment relied upon by the city is limitations. The city argues that because damage began to occur in 1971 and the last act complained of occurred in 1976 the two-year statute of limitation bars any claim by the Abbotts, who did not file suit until 1982.

 Consideration of this argument requires determining the particular type of injury involved. The summary judgment

evidence shows that the flooding occurred sporadically following rainfall. The injuries stemming from intermittent and recurrent events and contingent upon an irregular force such as rain are regarded as temporary injuries. *Bayouth v. Lion Oil Co.,* 671 S.W.2d 867, 868 (Tex.1984); *Gulf Coast Sailboats v. McGuire,* 616 S.W.2d 385, 387 (Tex.Civ.App.—Houston [14th Dist.] 1981, writ ref'd n.r.e.); *Messer v. County of Refugio,* 435 S.W.2d 220, 225–26 (Tex.Civ. App.—Corpus Christi 1968, writ ref'd n.r. e.). A suit may be maintained for the temporary injuries sustained during the two years prior to filing suit. *Bayouth,* 671 S.W.2d at 868. A suit for permanent damages to land, however, accrues on the date of the first actionable injury. The limitation period expires two years after that date. *Id.; Herndon v. McBride,* 342 S.W.2d 10, 12 (Tex.Civ.App.—Eastland 1960, no writ); *Lance v. City of Mission,* 308 S.W.2d 546, 548–49 (Tex.Civ.App.—San Antonio 1957, writ ref'd n.r.e.). Thus, to the extent that the Abbotts seek to recover damages from flooding incidents occurring in the two years prior to the filing of suit, their claim is not barred. Furthermore, limitation does not bar a suit to abate a continuing nuisance. *Stein v. Highland Park Independent School District,* 540 S.W.2d 551, 554 (Tex.Civ.App.—Texarkana 1976, writ ref'd n.r.e.). The city has failed to conclusively establish the bar of limitations. *See Zale Corporation v. Rosenbaum,* 520 S.W.2d 889, 891 (Tex.1975).

 The city's third ground of summary judgment was specifically addressed to the Abbotts' claim under section 11.086(a) of the Water Code which section provides in part:

No person may divert or impound the natural flow of surface waters in this state, or permit a diversion or impounding by him to continue in a manner that damages the property of another by the overflow of the water diverted or impounded.

The city argues that the section is inapplicable because of a previous holding that a city is not a "person" within the act's

meaning. *City of Houston v. Renault, Inc.*, 431 S.W.2d 322 (Tex.1968).

*Renault* was decided under the predecessor statute, article 7589a, of the Civil Statutes. Because the water control statutes have been codified, they are subject to the statutes governing code construction. Under section 1.04 of the version of the Code Construction Act that was in effect when this case was disposed of in the court below, certain "definitions apply unless the statute or context in which the word is used requires a different definition." Act of June 12, 1967, ch. 455, § 1, 1967 Tex. Gen.Laws 1036, *repealed by* Act of June 11, 1985, ch. 479, § 224, 1985 Tex.Sess.Law Serv. 3361 (Vernon).[2] Subsection two of that section further specifies that the word "'person' includes ... a government or governmental subdivision or agency...."

We perceive no legislative intent to exclude municipalities from section 11.086(a) of the Water Code. The city argues that the interpretation engrafted upon the statute by *Renault* manifests a "context ... requir[ing] a different definition" of the word "person." We decline to so hold. The "context" was not manifested by language inserted into the statute by the Legislature; it arises from a judicial decision, a collateral source. When the water statutes were codified and the Code Construction Act was adopted, an entire new statutory scheme was implemented which destroyed the rationale upon which *Renault* was based, i.e. the proposition that the sovereign is not included unless specifically named. Clearly, the Code Construction Act was calculated to abrogate this rule insofar as section 11.086 is concerned.

The final ground employed by the city to support the summary judgment is an allegation that the Abbotts sustained no damage because the tax rolls show that

2. The Code Construction Act is now located in Chapter 311 of the Government Code.

3. On appeal the city asserts that the Abbotts failed to establish damages by competent evidence. This argument will not sustain the summary judgment. First, it was not before the trial court by written motion and may not be

the value of the subject property has increased. We do not regard this ground as compelling. Appreciation in value can be atributed to many causes, not the least of which is inflation. The mere fact that the land has appreciated in value over a period of time does not mean that the acts of the city have not reduced the value below what it would have been absent those acts. The Abbotts would be entitled, for example, to recover damages for the reduction in the amount of money received from sale of the tract.[3] *See Richey*, 643 S.W.2d at 507.

Because all grounds employed in moving for summary judgment have been found inadequate, we reverse the trial court's judgment and remand the cause to the court below.

considered upon appeal. *City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671, 677 (Tex.1979). Second, the argument misplaces the burden of proof. As movant, the city was burdened to establish that the Abbotts did *not* sustain damage.